615 A.2d 946

COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE, Petitioner,

v.

COURT OF COMMON PLEAS OF BUCKS COUNTY and Charlene Helen Brieger a/k/a Charlene Briegel, Respondents.

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided Sept. 3, 1992.

Jonna N. Reynolds, Asst. Counsel, for petitioner.

Howard M. Holmes, for respondents.

Before CRAIG, President Judge, DOYLE, J. (P.), and LORD, Senior Judge.

CRAIG, President Judge.

Petitioner Pennsylvania State Police has filed a motion for summary judgment, based upon its petition for review seeking a declaration that (1) the Bucks County Court of Common Pleas had no power to issue an order directing the State Police to expunge its records concerning an incident of retail theft involving Charlene Brieger, and that (2) the order is not enforceable, and requesting such other relief necessary to terminate the controversy between the parties and to remove all uncertainty regarding the issues raised.

The facts in this case, as established by the pleadings and stipulations, are as follows. On September 17, 1987, the Records and Identification Division of the Pennsylvania State Police received a copy of an order dated August 8, 1987, signed by a judge of the Bucks County Court of Common Pleas. The order directed the State Police to expunge from its records and files any information pertaining to the arrest on September 25, 1977, and conviction of Brieger on a retail theft charge. Brieger had pleaded guilty to that charge and was ordered to pay a fine and costs. Although the Bucks County district attorney agreed to the entry of the expungement order, there is no expression, in the order or otherwise, of any reason for the expungement direction.

Before receiving that order, the State Police had not received notice of the expungement petition Brieger filed with the common pleas court. If the State Police had received notice of the expungement petition it would have opposed the petition, based on its belief that (1) there is no authority which permits the State Police to expunge criminal conviction records in this situation and (2) the State Police have a duty under 18 Pa.C.S. § 9111 and section 1 of the Act of April 27, 1927, P.L. 414, *as amended*, 61 P.S. § 2171, to maintain complete and accurate records of all persons convicted of crimes in the Commonwealth.

The State Police initiated this proceeding to avoid a contempt of court order, because it believes that its duties under the relevant statutory provisions preclude it from complying with the expungement order. Furthermore, the State Police

filed the declaratory judgment action in this court because (1) Brieger did not name it as a party in the expungement action, (2) the thirty-day appeal period from the date of the trial court's order has run out, and (3) the issues the State Police seeks here to raise were not raised below. Hence, the State Police argues it has no other available remedy.

Initially, counsel for the trial court argues that the State Police lacks standing to bring this action because the statutory provisions relating to expungement place no affirmative duties upon the State Police in the expungement process, except to comply with court-ordered expungements.

Although the statutory provisions do place an affirmative duty on the State Police and its repository to collect arrest and conviction data, this court concludes that the State Police lacks standing to object to an expungement request.

The statute provides for notice only to the District Attorney before a trial court conducts an expungement hearing, 18 Pa.C.S. § 9122(f), and for notice to the central repository only after an expungement is granted, 18 Pa.C.S. § 9122(d).

Although the legislative decision to provide notice of an expungement hearing only to the District Attorney does not in itself control whether or not the State Police have standing, a judicial doctrine, the notice provisions indicate a legislative intent to have the State Police and central repository play only a ministerial part in the collection of data. Thus, the State Police's interest in an expungement hearing is insufficient to give it standing to object.

Hence, this court agrees with counsel for the trial court that the State Police is not entitled to the relief they seek in this declaratory judgment action.

## ORDER

Now, September 3, 1992, the motion of the Pennsylvania State Police for summary judgment in the above captioned case is denied, and the petition is dismissed for lack of standing.

DOYLE, Judge, dissenting.

I respectfully dissent. The underlying substantive issue presented to us is in the procedural posture of a declaratory judgment action [1] under this Court's original jurisdiction, 42 Pa.C.S. § 761(a), and not as an appeal from the order of the Court of Common Pleas of Bucks County. By that order, entered in August of 1987, the common pleas court directed the Pennsylvania State Police, along with the Bucks County Clerk of Courts, District Attorney's office, and the Federal Bureau of Investigation to expunge not only the arrest record of Charlene Brieger, but all "other information," which presumably would include her conviction record pursuant to a guilty plea entered on October 6, 1977. That order further directed the listed agencies, including the F.B.I, to make "a prompt request to all state and federal agencies to which such records may have been made available" to return them for destruction and thereafter to file with the Bucks County Court within 30 days from the date of the order an affidavit stating that the records had been destroyed and that the agency retained no copies.

Besides having grave misgivings regarding the authority of the common pleas court to order any expungement or destruction of a record of a criminal conviction for retail theft under Section 3929 of the Crimes Code, 18 Pa.C.S. § 3929, *see Commonwealth v. Magdon*, 310 Pa.Superior Ct. 84, 456 A.2d 194 (1983),[2] I note that the State Police was neither a party to

---

1. 42 Pa.C.S. §§ 7531–7541.
2. The pertinent provisions of the Crimes Code, which provide only extremely limited authority for the expungement of criminal *convictions,* are as follows:
   **18 Pa.C.S. § 9122. Expungement**
   (a) **Specific proceedings.**—Criminal history record information shall be expunged *in a specific criminal proceeding* when:
   (1) No disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement; or
   (2) A court order requires that such nonconviction data be expunged.

that proceeding nor did it participate in the prosecution of Brieger. Furthermore, and more to the point here, the State Police was never notified in advance of the expungement proceeding, was never made a party to that proceeding, and never participated in its process.[3]

Should the State Police not comply with the court order to expunge and destroy, not served on it until September 17, 1987, it could very well, and probably will, face contempt proceedings before the Bucks County Court.[4] Yet the majority would maintain that the State Police has no standing to

> **(b) Generally.**—Criminal history record information may be expunged when:
> (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or
> (2) An individual who is the subject of the information has been dead for three years.
> . . . .
> **(d) Notice of expungement.**—Notice of expungement shall promptly be submitted to central repository which shall notify all criminal justice agencies which have received the criminal history record information to be expunged.
> . . . .
> **(f) District attorney's notice.**—The court shall give ten days prior notice to the district attorney of the county where the original charge was filed of any applications for expungement under the provisions of subsection (a)(2). (Emphasis added.)
> 18 Pa.C.S. § 9102 [definitions]
> **"Expunge."**
> (1) To remove information so that there is no trace or indication that such information existed;
> (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or
> (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program.

3. As I question the order to expunge the criminal record of conviction itself, I also question the source of authority for the proceeding to consider it.

4. We have already held that a trial court cannot hold in contempt an individual over whom it has not obtained personal jurisdiction. *Department of Public Welfare v. Alessi,* 119 Pa.Commonwealth Ct. 160, 546 A.2d 157 (1988), *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1989). We did, however, have to reverse a trial court which attempted to do so.

challenge, or even question, by a declaratory judgment action, the soundness of that court order when the General Assembly of this Commonwealth has given the State Police an independent statutory duty to maintain the very records the common pleas court has ordered destroyed.

The following statutory provisions require the State Police to maintain records of criminal activity:

**18 Pa.C.S. § 9111. Duties of criminal justice agencies**

It shall be the duty of every criminal justice agency within the Commonwealth to maintain complete and accurate criminal history record information and to report such information at such times and in such manner as required by the provisions of this chapter or other applicable statutes.

**61 P.S. § 2171. State police to procure and file photographs, etc.**

From and after the passage of this act, the Pennsylvania State Police shall continue to procure and file for record photographs, pictures, descriptions, fingerprints, and such other information as may be pertinent, of all persons who have been, or may hereinafter be, convicted of crime within this Commonwealth, and also of all well-known and habitual criminals wherever they may be procured.

Certainly such legislative mandates afford standing to the State Police even under the most narrow interpretation of the elements of standing articulated by our Supreme Court in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), and to decree that the State Police must either forswear its obligatory responsibilities imposed by the General Assembly or face contempt of court charges is to place it in an untenable position.