**In re R.B.**

C.P. of Dauphin County, nos. 482 JD 1992 and 323 JD 1995.

*John C. Sullivan* and *Benjamin C. Dunlap,* for the Patriot News.
*Arthur Dils,* for R.B.
*Paul Miller,* for J.E.
*Andrew Kramer,* for Pennsylvania State Police.

TURGEON, *J.,* February 29, 1996—On February 9, 1996, the *Patriot News* filed a motion seeking the release of law enforcement records and juvenile history record information involving 14-year-old juveniles, R.B. and J.E., who are among the accused in a high profile case involving the robbery and shooting of a grocer in Harrisburg. Following an in-chambers hearing on February 12, 1996, the motion was denied. Subsequently, on February 15, 1996 the *Patriot News* filed a supplemental brief raising additional arguments, to which counsel for the juveniles, Harrisburg City Police and Pennsylvania State Police were granted leave to reply on or before February 21, 1996. Responses to any new issues raised were required to be filed by February 26, 1996.

SECTION 6308(b) OF THE JUVENILE ACT

The public availability of a juvenile's law enforcement records is specifically set forth in section 6308(b) of the Juvenile Act. 42 Pa.C.S. §6301 et seq. See *In the Interest of J.R.*, 436 Pa. Super. 416, 428, 648 A.2d 28, 34 (1994). Section 6308 provides, in pertinent part, as follows:

"*Section 6308. Law enforcement records*

"*(a) General rule.*—Law enforcement records and files concerning a child shall be kept separate from the records and files of arrests of adults. Unless a charge of delinquency is transferred for criminal prosecution . . . *the records and files shall not be open to public inspection or their contents disclosed to the public except as provided in subsection (b);* . . . .

"*(b) Public availability.*—

"(1) The contents of *law enforcement records and files* concerning a child *shall not be disclosed* to the public *except if the child is 14 or more years of age at the time of the alleged conduct and* if any of the following apply:

"(i) The child has been *adjudicated delinquent* by a court as a result of an act or acts which include the elements of *rape, kidnapping, murder, robbery, arson, burglary, violation of section [780-113(a)(30)] of . . . The Controlled Substance, Drug, Device and Cosmetic Act,* or *other act involving the use of or threat of bodily harm.*

"(ii) A petition alleging delinquency has been filed by a law enforcement agency alleging that the child has committed an act or acts which include the elements of rape, kidnaping, murder, robbery, arson, burglary, violation of section [780-113(a)(30)] of . . . The Controlled Substance, Drug, Device and Cosmetic Act, or

other act involving the use of or threat of serious bodily harm *and the child previously has been adjudicated delinquent by a court as a result of an act or acts which included the elements of one of such crimes.*

"(2) If the conduct of the child meets the requirements for disclosure as set forth in paragraph (1), then the court or law enforcement agency, as the case may be, shall disclose *the name, age and address of the child, the offenses charged and the disposition of the case.*" 42 Pa.C.S. §6308 (as amended by Act of March 15, 1995, no. 1995-6, §1 (effective May 14, 1995) (emphasis added)).

If the juveniles in this case had had a prior record under the provisions of this section, this court would have been permitted under the law to direct the release of their age, address, offense charged and disposition of the case.

At the conclusion of testimony and legal argument at the hearing on February 12, 1996, this court held that under the specific requirements of section 6308(b)(1), the juveniles' records and files in the Dauphin County Juvenile Probation Office were publicly unavailable. An in camera review of the juvenile records provided to the court by the Dauphin County Juvenile Probation Officers at the hearing, revealed that neither of the juveniles had been previously adjudicated delinquent for the specific category of crimes set forth in section 6308(b) nor for any crime which has as an element thereof "the use or threat of serious bodily harm."[1]

---

1. For crimes involving "serious bodily harm," the officers reviewed the juveniles' files, at my request, for any adjudications for the crimes of reckless endangerment, 18 Pa.C.S. §2705; aggravated assault, 18 Pa.C.S. §2702(a)(1) and (2); simple assault, 18 Pa.C.S.

The *Patriot News* argued, pursuant to section 6308(b)(1), that it was entitled to law enforcement records pertaining to *any* petition for delinquency filed against the juveniles which resulted in an adjudication,[2] in which the petition included *any* allegation of a threat of serious bodily harm. This court held, however, that under the clear language of that section, any prior adjudication, in order to be subject to public disclosure, must have been for a crime, an element of which included "the use or threat of serious bodily harm" or, in the case of "terroristic threats," if the act alleged and ultimately proven at the adjudication hearing, included a threat of serious bodily harm. Furthermore, those acts must have occurred after the children had attained the age of 14.[3] Accordingly, this court held there were no Dauphin County Juvenile Probation records of R.B. and J.E. which were open to public inspection or disclosure under section 6308(b)(1)(i) and (ii).[4] The issue of other law enforcement files was not

---

§2701(a)(3); and terroristic threats, if the underlying acts alleged included a threat of serious bodily harm, 18 Pa.C.S. §2706.

2. If the court or master finds on proof beyond a reasonable doubt that a child commits an act ascribed to him by reason of which he is alleged delinquent, the court "adjudicates" the child "delinquent." 42 Pa.C.S. §6341. This process is similar to a finding of "guilt" in adult criminal court.

3. While the juveniles' entire files were searched by the juvenile probation officers to determine if they had such prior adjudications, it should be noted that under section 6308(b)(1) this court should have limited the search for any adjudications of delinquency or petitions alleging delinquent acts for conduct occurring only on or after the juveniles had turned age 14.

4. In addition, the juveniles' records were also unavailable under section 6308(d)(1)(iii) which provided for the public disclosure of such records if the juveniles were considered to be "dangerous juvenile offenders." This court noted that neither juvenile could be considered

raised nor were other statutory provisions addressed at that time.

## ACCESS TO STATE POLICE RECORDS UNDER SECTION 6111.1(h) OF THE UNIFORM FIREARMS ACT AND SECTION 6308(d) OF THE JUVENILE ACT

Following the hearing, counsel for the *Patriot News* filed a supplemental brief arguing that it is entitled to the juveniles' records held in the Pennsylvania State Police's "Juvenile Registry" under section 6111.1(h) of the Pennsylvania Uniform Firearms Act of 1995. Act of June 13, 1995, no. 1995-17 §6 (First special session, effective October 11, 1995) (to be codified at 18 Pa.C.S. §6101 et seq.) (as amended by Act of November 22, 1995, no. 1995-66, §5 (effective immediately)). Section 6111.1 of the Firearms Act provides in pertinent part as follows:

"*Section 6111.1 Pennsylvania State Police*

"*(a) Administration.*—The Pennsylvania State Police shall have the responsibility to administer the provisions of this chapter.

---

"dangerous juvenile offenders" since neither were currently 15 years of age or older, which was a required element under the definition of "dangerous juvenile offender" set forth in the Juvenile Act. 42 Pa.C.S. §6302. However, in its supplemental brief, counsel for the *Patriot News* has pointed out that the "dangerous juvenile offender" language has been deleted by recent legislative action and therefore no longer provides a basis for obtaining a juvenile's records under section 6308(b)(1). In addition, that term has also been deleted from the definitional section of the Juvenile Act. See Act of March 15, 1995, no. 1995-6, §1 (First special session, effective May 14, 1995). Curiously, it has not, however been deleted by the legislature from inclusion in section 6308(d)(1)(iii) concerning the Pennsylvania State Police Registry.

*"(b) Duty of Pennsylvania State Police.—*

"(1) Upon receipt of a request for a . . . juvenile delinquency history . . . of the potential purchaser or transferee [of a firearm], the Pennsylvania State Police shall immediately, during the licensee's call or by return call, forthwith:

"(i) review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under federal or state law; and

"(ii) review the juvenile delinquency and mental health records of the Pennsylvania State Police to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under federal or state law; and

"(iii) inform the licensee making the inquiry either:

"(A) that its criminal history records demonstrate that the potential purchaser or transferee is so prohibited; or

"(B) provide the licensee with a unique approval number. . . .

*"(h) Juvenile registry.—*

"(1) The contents of *law enforcement records and files* compiled under 42 Pa.C.S. §6308 (relating to law enforcement records) concerning a child *shall not be disclosed to the public except* if the child is *14* years of age or older at the time of the alleged conduct *and* if any of the following apply:

"(i) *The child has been adjudicated delinquent* by a court as a result of an act or acts which constitute *any offense enumerated in section 6105.*

"(ii) A petition alleging delinquency has been filed a law enforcement agency alleging that the child has

committed an act or acts which constitute *an offense enumerated in section 6105* and the child previously has been adjudicated delinquent by a court as a result of an act or acts which included the elements of one of such crimes.

"(2) Notwithstanding any provision of this subsection, the contents of law enforcement records and files concerning any child adjudicated delinquent for the commission of any criminal activity described in paragraph (1) shall be recorded in the registry of the Pennsylvania State Police *for the limited purposes of this chapter.*" Act of June 13, 1995, no. 1995-17, §6. (emphasis added)

The *Patriot News* argues that section 6111.1(h) directly concerns the public availability of juvenile records and applies to this case. The *Patriot News* therefore requests that the court again review the records of the juveniles to determine if they have been adjudicated delinquent of any of the crimes set forth in section 6105 of the Crimes Code in accordance with section 6111.1(h) of the Firearms Act. The list of 35 offenses enumerated in section 6105 provides a much broader category than the list of crimes set forth in section 6308(b) of the Juvenile Act.[5]

---

5. The offenses enumerated in section 6105 are as follows:
Section 908 (relating to prohibited offensive weapons).
Section 911 (relating to corrupt organizations).
Section 912 (relating to possession of weapon on school property).
Section 2502 (relating to murder).
Section 2503 (relating to voluntary manslaughter).
Section 2504 (relating to involuntary manslaughter) if the offense is based on the reckless use of a firearm.
Section 2702 (relating to aggravated assault).
Section 2703 (relating to assault by prisoner).
Section 2704 (relating to assault by life prisoner).

Because section 6111.1 involves records held by the state police, this court requested their response to the *Patriot's* motion. In their response, the state police,

Section 2709 (relating to harassment and stalking) if the offense relates to stalking.

Section 2901 (relating to kidnapping).

Section 2902 (relating to unlawful restraint).

Section 2910 (relating to luring a child into a motor vehicle).

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3125 (relating to aggravated indecent assault).

Section 3301 (relating to arson and related offenses).

Section 3302 (relating to causing or risking catastrophe).

Section 3502 (relating to burglary).

Section 3503 (relating to criminal trespass) if the offense is graded a felony of the second degree or higher.

Section 3701 (relating to robbery).

Section 3702 (relating to robbery of motor vehicle).

Section 3921 (relating to theft by unlawful taking or disposition) upon conviction of the second felony offense.

Section 3923 (relating to theft by extortion) when the offense is accompanied by threats of violence.

Section 3925 (relating to receiving stolen property) upon conviction of the second felony offense.

Section 4912 (relating to impersonating a public servant) if the person is impersonating a law enforcement officer.

Section 4952 (relating to intimidation of witnesses or victims).

Section 4953 (relating to retaliation against witness or victim).

Section 5121 (relating to escape).

Section 5122 (relating to weapons or implements for escape).

Section 5501(3) (relating to riot).

Section 5515 (relating to prohibiting paramilitary training).

Section 6110.1 (relating to possession of firearm by minor).

Section 6301 (relating to corruption of minors).

Section 6302 (relating to sale or lease of weapons and explosives).

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth, or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

while uncertain as to their "standing" in this case,[6] submitted a response, which was joined in by legal counsel for both of the juveniles. It is their position that the newly added section 6111.1(h) merely allows the central repository to perform the criminal record checks for a firearm purchase under the Firearms Act and does not expand the juvenile records subject to public disclosure as set forth under section 6308(b) of the Juvenile Act.

It is clear from a reading of section 6111.1 in its entirety, and specifically section 6111.1(h)(2), that the permissible public disclosure of the contents of the State Police Registry is limited to disclosure of the criminal, juvenile and mental health history records of a proposed "purchaser or transferee" of a firearm to the firearm "licensee." Since this case involves neither a purchase or transfer of firearms nor a request by a licensee for such information, section 6111.1(h) of the Firearms Act does not apply.

For these same reasons, section 6308(d) of the Juvenile Act does not apply either. That section was enacted simultaneously with section 6111.1 of the Firearms Act in 1995. Act of June 13, 1995, no. 1995-17, §§6, 10 (First special session, effective October 11, 1995)

6. The state police cite *Commonwealth of Pennsylvania, Pennsylvania State Police v. Court of Common Pleas of Bucks County,* 150 Pa. Commw. 338, 340, 615 A.2d 946, 947 (1992), *aff'd,* 533 Pa. 324, 623 A.2d 814 (1993), in which the Commonwealth Court noted a "legislative intent to have the state police and central repository play only a[n administrative] part in the collection of data." The court concluded that the state police lacked standing to object to motions to expunge records held by them. The state police therefore believe the district attorney's office should set forth the position of the Commonwealth of Pennsylvania in the case at bar, however, no response or brief was filed by that office.

(to be codified at 18 Pa.C.S. §6308). Section 6308(d) is nearly identical to section 6111.1(h). The only difference is that under subsection (1)(iii) of section 6308(d), disclosure of records and files is available where "the child is a dangerous juvenile offender."[7] Act of June 13, 1995, no. 1995-17, §10 (to be codified at 42 Pa.C.S. §6308(d)). Significantly, section 6308(d)(2) contains the same limiting language contained in section 6111.1(h)(2), which is that the contents of the records and files available thereunder are recorded in the Juvenile Registry "for the limited purposes of" chapter 61 of the Crimes Code, which, as set forth above, involve criminal, juvenile and mental health history checks into firearms purchases and transfers. *Id.*

Therefore, we conclude that neither section 6111.1(h) of the Firearms Act nor section 6308(d) of the Juvenile Act apply in this action for the reasons set forth above.

## SECTION 6309 OF THE JUVENILE ACT AND SECTION 9121 OF THE CRIMINAL HISTORY RECORD INFORMATION ACT

In its motion, the *Patriot* also sought the juveniles' history record information pursuant to section 6309(a) of the Juvenile Act, which provides as follows:

"(a) *Applicability of Criminal History Record Information Act.*— Except for 18 Pa.C.S. §§9105 (relating to other criminal justice information), 9112(a) and (b) (relating to mandatory fingerprinting) and 9113 (relating to disposition reporting by criminal justice agencies), *the remaining provisions of 18 Pa.C.S. Chapter 91 (relating to criminal history record information) shall apply to all alleged delinquents [8] whose fingerprints and pho-*

---

7. See footnote 4 for a discussion on "dangerous juvenile offender" language.

8. At the hearing, this court held that the *Patriot News* was not entitled to R.B. and J.E.'s juvenile history record information under

*tographs are taken pursuant to section 6308(c) (relating to law enforcement records) and to any juvenile justice agency* which collects, maintains, disseminates or receives juvenile history record information." 42 Pa.C.S. §6309(a). (emphasis added)

The Criminal History Record Information Act which is located within the Crimes Code, addresses, among other things, the dissemination of "criminal history record information." 18 Pa.C.S. §§9101-9183. Under section 6309(e) of the Juvenile Act, the meaning of "criminal history record information" has been expanded to include "juvenile history record information." 42 Pa.C.S. §6309(e).

Section 9121 of the Criminal History Record Information Act addresses the dissemination of juvenile history record information to the public. That section states, in relevant part, as follows:

*"Section 9121. General regulations*

*"(b) Dissemination to noncriminal justice agencies and individuals.*—Criminal history record information *shall be disseminated by a state or local police department to any individual* or noncriminal justice agency only *upon request:* . . .

"(2) Before a state or local police department disseminates criminal history record information to an individual or noncriminal justice agency, it shall extract from the record all notations of arrests, indictments

section 6309(a) of the Juvenile Act since, for it to apply, the juvenile had to be considered a "dangerous juvenile offender." 42 Pa.C.S. §6309(a) (repealed). However, we note that the reference to "dangerous juvenile offender" in this section has also been deleted and replaced with the term "alleged delinquents." Act of March 15, 1995, no. 1995-6, §1 (First special session, effective May 14, 1995). See footnote 4.

or other information relating to the initiation of criminal proceedings where:

"(i) three years have elapsed from the date of arrest;

"(ii) no conviction has occurred; and

"(iii) no proceedings are pending seeking a conviction." 18 Pa.C.S. §9121(b). (emphasis added)

The state police and counsel for the juveniles argue that: "[b]ecause section 6308 appears to be a specific section dealing with the dissemination of juvenile criminal history records information, we believe that this specific dissemination would overrule any general consideration of the Criminal History Record Information Act as incorporated in the amended 42 Pa.C.S. §6309(a)."

We agree. Even though the juveniles here qualify as "alleged delinquents whose fingerprints and photographs [have been] taken," we find that the *Patriot News* is nevertheless not entitled to the juveniles' history record information under section 6309(a). Assuming section 9121(b) of the Criminal History Record Information Act, as it is incorporated into the Juvenile Act via the general provisions of section 6309(a), would apply here, its application would be in direct conflict with the specific provisions contained in section 6308.

Under section 6308(b), law enforcement records are available only where the juvenile has been adjudicated delinquent for committing certain "serious crimes" which were committed when the juvenile was at least 14 years of age. Furthermore, even if the delinquent has committed such a crime, disclosure of law enforcement records is limited to the name, age, address, offenses charged and disposition. 42 Pa.C.S. §6308(b)(2): On the other hand, section 9121(b) would allow with

very few limitations, the dissemination of all of a juvenile's history record information.

Unfortunately, there is a clear conflict between section 6308(b) and section 6309(a). Under the Statutory Construction Act, there is a presumption that the general assembly "intends the entire statute to be effective and certain." 1 Pa.C.S. §§1922(2), 1933. However, in this case, there is no interpretation in which both statutes can be given effect. The Statutory Construction Act thus provides that where a conflict is irreconcilable, "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the general assembly that such general provision shall prevail." 1 Pa.C.S. §§1922(2), 1933.

Section 6308(b) of the Juvenile Act specifically addresses the "public availability" of juveniles' "law enforcement records." In fact, the heading on section 6308 is titled "law enforcement records" and subsection (b) contains the heading "public availability." Under the Statutory Construction Act, statute headings "may be used to aid in the construction thereof." 1 Pa.C.S. §1924. Furthermore, although the general provision, section 6309(a), was more recently amended than was section 6308, there is no indication that the legislature, in its 1995 regular and special crimes sessions, discussed the irreconcilable contradictory effect of adopting section 6309(a) which incorporates section 9121(b) of the Criminal History Record Information Act. Most certainly, there has been nothing presented which indicates it was the manifest intention of the general assembly that section 6309(a), as it regards the public availability of a juvenile's records, should prevail. If this was their intent, they would or should have deleted the main

section in the Juvenile Act addressing public availability of juvenile records.

Accordingly, we conclude that the *Patriot News* is not entitled to the juveniles' history record information under section 6309(a) of the Juvenile Act.

## PUBLIC ACCESS TO JUVENILE HEARINGS

While not an issue in this case, it warrants mentioning that there is a distinction drawn in the Juvenile Act between what are "open records" versus what are "open hearings." Section 6336(e) of the Juvenile Act provides for substantially expanded public access to hearings involving a juvenile's detention,[9] transfer, delinquency and disposition. 42 Pa.C.S. §6336(e). That section provides, in pertinent part, as follows:

*"Section 6336. Conduct of hearings*

*"(e) Open proceedings.*—The general public shall not be excluded from any hearings under this chapter:

"(1) Pursuant to a petition alleging delinquency where the child was 14 years of age or older at the time of the alleged conduct and the alleged conduct would be considered a felony if committed by an adult.

---

9. Section 6325 of the Juvenile Act provides as follows:
*"Section 6325. Detention of child*

"A child taken into custody shall not be detained or placed in shelter care prior to the hearing on the petition unless his detention or care is required to protect the person or property of others or of the child or because the child may abscond or be removed from the jurisdiction of the court or because he has no parent, guardian, or custodian or other person able to provide supervision and care for him and return him to the court when required, or an order for his detention or shelter care has been made by the court pursuant to this chapter." 42 Pa.C.S. §6325.

"(2) Pursuant to a petition alleging delinquency where the child was 12 years of age or older at the time of the alleged conduct and where the alleged conduct would have constituted one or more of the following if committed by an adult:

"(i) Murder.

"(ii) Voluntary manslaughter.

"(iii) Aggravated assault as defined by 18 Pa.C.S. §2702(A)(1) or (2) (relating to aggravated assault).

"(iv) Arson as defined in 18 Pa.C.S. §3301(A)(1) (relating to arson and related offenses).

"(v) Involuntary deviate sexual intercourse.

"(vi) Kidnapping.

"(vii) Rape.

"(viii) Robbery as defined in 18 Pa.C.S. §3701(A)(1)(i), (ii) or (iii) (relating to robbery).

"(ix) Robbery of motor vehicle.

"(x) Attempt or conspiracy to commit any of the offenses in this paragraph.

"Notwithstanding anything in this subsection, the proceedings shall be closed upon, and to the extent of, any agreement between the child and the attorney for the Commonwealth.

"*(f) Discretion of court.*—The court at any disposition proceeding under subsection (e) shall have discretion to maintain the confidentiality of mental health, medical or juvenile institutional documents or juvenile probation reports."

All three juveniles involved in the alleged crimes were ordered detained by a juvenile master at their "72 hour" initial detention hearings.[10] At a later hearing

---

10. *"Section 6332. Informal hearing*

*(a) General rule.*—An informal hearing shall be held promptly by the court or master and not later than 72 hours after the child is placed in detention or shelter care to determine whether his detention or shelter care is required under section 6325 (relating to detention

on February 14, 1996, I ordered all three juveniles to continue to be detained in the Judge Herbert A. Schaffner Juvenile Center,[11] pending their transfer[12] hearings, which have been scheduled to be held on March 6, 1996 at 8 a.m.[13] At the court's detention hearing, information concerning the juvenile R.B. was garnered by the press. Counsel for the other two juveniles "waived" their right to an additional detention hearing, to avoid public testimony on their backgrounds.

Therefore, by attending the hearings, much of the information sought by the press may be presented in open court unless the hearings are closed by agreement of the child and the district attorney or certain records

---

of child) and if the child is alleged to be delinquent, that probable cause exists that the child has committed a delinquent act. . . ."

11. Section 6335 provides that the court may detain the child for an additional 10 day period of time where:

"(2) the court finds by clear and convincing evidence that:

"(i) the life of the child would be in danger;

"(ii) the community would be exposed to a specific danger; or

"(iii) the child will abscond or be removed from the jurisdiction of the court." 42 Pa.C.S. §6335.

12. Petitions to transfer these cases to adult criminal court have been filed under section 6355 of the Juvenile Act which provides for the transfer if certain conditions have been established to exist. 42 Pa.C.S. §6355.

13. Four seats were designated for the press at the detention hearings due to limited seating, and seats have also been assigned for the transfer hearings. Should the victim fail to survive, the juveniles would then be charged with murder which must be prosecuted in adult criminal court. 42 Pa.C.S. §6355(e). Those proceedings are likewise open to the public and the press, absent a restraining order entered by the court due to exigent or other appropriate circumstances. See e.g., Pa.R.Crim.P. 326, 42 Pa.C.S. The juveniles may, however, at that time, file a petition to transfer the case back to the juvenile court. 42 Pa.C.S. §6322.

are kept confidential by the court at the disposition proceeding under section 6336(f).

## CONCLUSION

In conclusion, because section 6308(b) of the Juvenile Act sets forth the sole and exclusive rule for determining the public availability of a juvenile's law enforcement records and files, the *Patriot News'* motion must be denied.

Accordingly, we enter the following:

## ORDER

And now, February 29, 1996, the motion of the Patriot News Company seeking the release of law enforcement records and juvenile history record information is hereby denied, in accordance with the opinion filed this date.