759 A.2d 1269 (2000)
COMMONWEALTH of Pennsylvania, Appellee,
v.
J.H., Appellant.
Supreme Court of Pennsylvania.
Argued November 16, 1999.
Decided October 18, 2000.
Robert C. Ewing, Media, for J.H.
Paul E. Tufano, Gen. Counsel, Joanna N. Reynolds, Barbara L. Christie, Chief Counsel, Patricia J. Bartkowiak, Asst. Counsel, for Com. PA State Police.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

OPINION
ZAPPALA, Justice.
We granted allocatur in this case to determine whether the Pennsylvania State Police may challenge the propriety of an expungement order under the Criminal History Record Information Act. We hold that it may not make such a challenge and therefore reverse the order of the Superior Court and reinstate the order of the Court of Common Pleas of Montgomery County.
*1270 On January 10, 1996, the Court of Common Pleas of Montgomery County granted Appellant's petition to expunge his criminal record of a summary offense, which Appellant pleaded guilty to in 1988. The Commonwealth was represented during the expungement hearing by the Montgomery County district attorney's office. The resulting order stated:
The Lower Merion Township Police Department, Pennsylvania State Police, County of Montgomery, District Court 38-1-07 and any other agency with records regarding the said arrest are hereby directed to remove, destroy and purge any and all records, fingerprint cards, photographs, incident reports, docket entries and computer entries in any way related to or concerning the aforementioned arrest, hearing and disposition of [Appellant]. Any agency with such records are directed to send an affidavit or other confirmation of said record expungement to the [Appellant] in care of his counsel.
All agencies apparently complied with the order except the Pennsylvania State Police. Appellant then petitioned for an order to compel expungement. The court issued a rule directing the District Attorney and the Pennsylvania State Police to show cause why the petition to compel expungement should not be granted. The District Attorney joined in the petition. The Pennsylvania State Police then filed a document titled "Memorandum of Law of the Pennsylvania State Police in Opposition to Petition to Compel Expungement".
On January 6, 1998, the common pleas court entered the order to compel. The State Police appealed this order to the Superior Court. The Superior Court reversed the order compelling expungement and remanded to the common pleas court for a determination of whether Appellant qualified for expungement. We now reverse the order of the Superior Court. For the reasons that follow, we hold that the Pennsylvania State Police is without standing to contest the underlying expungement order.
The Criminal History Record Information Act, 18 Pa.C.S. § 9101 et seq. (the Act), states the definition of "Central repository," as, "[t]he central location for the collection, compilation, maintenance and dissemination of criminal history record information by the Pennsylvania State Police." 18 Pa.C.S. § 9102. The Act also defines "Expunge" as
(1) To remove information so that there is no trace or indication that such information existed;
(2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or
(3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or posttrial diversion or probation program.
Id.
The Act also provides that "[t]he court shall give ten days prior notice to the district attorney of the county where the original charge was filed of any application for expungement under the provisions of subsection [18 Pa.C.S. § 9122](a)(2)." The State Police is to be given notice of the expungement. The act states "[n]otice of expungement shall promptly be submitted to the central repository which shall notify all criminal justice agencies which have received the criminal history record information to be expunged." 18 Pa.C.S. § 9122(d). Thus, as the Act does not require notification of the State Police until after an expungement order has been entered, standing does not derive from the statute. Furthermore, since the statute defines and describes expungement, we are not convinced by the State Police's assertion that compliance with the expungement order would cause it to fail in its statutory mandate to provide complete and accurate records.
*1271 As standing to contest the expungement order is not imputed from the Act, we next examine our case law to determine whether the State Police has any other basis for standing. In order to have standing to challenge an official order or action, a party must be aggrieved by the action or order. See Beers v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review, 534 Pa. 605, 633 A.2d 1158, 1160-61 (1993). For a party to be aggrieved, it must have a substantial, direct, immediate, and not remote interest in the subject-matter of the litigation. See id.; see also William Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975)(clarifying the individual elements that determine whether a party is aggrieved). In order to have a substantial interest in the subject-matter of the litigation, there must be a discernible adverse effect to some interest other than in the abstract. William Penn Parking Garage, 346 A.2d at 282.
It is helpful to clarify what is the subject-matter of the litigation before us. As Superior Court noted, "this appeal concerns a proceeding to compel compliance with an expungement order already entered." 723 A.2d at 220. The court further noted that "[the State Police] is not seeking to enter or litigate the original petition." Id. Nevertheless, the court remanded for a determination of the very same subject-matter of the original expungement order, stating: "If [the State Police] proves that [Appellant] is not entitled to expungement under the law, it cannot be forced to expunge that which the law directs it to keep." Id. at 221. The argument advanced by the State Police before this Court is that Appellant was not eligible for statutory expungement, and therefore the underlying order was illegally entered. This argument then is the subject-matter of this appeal.
In Commonwealth of Pennsylvania, Pennsylvania State Police v. Court of Common Pleas of Bucks County, 150 Pa. Cmwlth. 338, 615 A.2d 946 (1992), aff'd per curiam, 533 Pa. 324, 623 A.2d 814 (1993), the court found that the State Police plays "only a ministerial part in the collection of data." 615 A.2d at 947. The court held that "[t]hus, the State Police's interest in an expungement hearing is insufficient to give it standing to object." Id.
We agree with the Superior Court that the present case comes before us in a procedural posture distinct from that of Bucks County;[1] however, standing is not conferred via a party's relationship to the proceedings. Rather, as we explained in William Penn Parking Garage, standing is conferred by a direct connection to a substantive injury, and by a causal connection between the action complained of and the injury to the person challenging it. We agree with the rationale of the Commonwealth Court in Bucks County, and find that the State Police does not have a sufficient interest in the subject-matter here to confer upon it standing to argue the underlying merits of an expungement order.
We are not persuaded by the State Police's argument that the common pleas court was without authority to issue the underlying expungement order, and therefore that following that order would harm the State Police by forcing it to violate its statutory mandate.
The common pleas court, with the District Attorney representing the interests of the Commonwealth according to law, made a full and final adjudication of the underlying petition. The facts determined in that underlying adjudication are not now before us for review. Under these circumstances, we cannot find that the State Police is *1272 aggrieved either by the order to expunge Appellant's criminal record, or by the order compelling it to expunge the same records.[2] The order of the Superior Court is reversed, and the order of the Common Pleas Court of Montgomery County is reinstated.
Justice CAPPY files a concurring opinion in which Justice CASTILLE joins.
Justice NIGRO concurs in the result.
CAPPY, Justice, concurring.
I agree with the decision of the Majority that the Pennsylvania State Police does not have standing to challenge the propriety of an expungement order under the Criminal History Record Information Act. 18 Pa.C.S. § 9101. However, I write separately as I do not agree with the standard the Majority has set forth in disposing of the question of standing in this case.
Standing is a core concept of litigation. In Re: T.J., 559 Pa. 118, 739 A.2d 478, 481 (1999). The parties before the court must have sufficient interest in the matter before they can seek a judicial resolution. Id. Recently in T.J., this court outlined the definition of standing for those situations in which a government agency is alleging that it has standing in a particular controversy. In T.J., we reiterated the following rule enunciated in Pennsylvania Game Commission v. Commonwealth, Department of Environmental Resources, 521 Pa. 121, 555 A.2d 812 (1989):
[a]lthough our law of standing is generally articulated in terms of whether a would-be litigant has a "substantial interest" in the controverted matter, and whether he has been "aggrieved," ... we must remain mindful that the purpose of the "standing" requirement is to insure that a legal challenge is by a proper party. The terms "substantial interest" [and] "aggrieved" ... are the general, usual guides in that regard, but they are not the only ones. For example, when the legislature statutorily invests an agency with certain functions, duties and responsibilities, the agency has a legislatively conferred interest in such matters. From this it must follow that, unless the legislature has provided otherwise, such an agency has an implicit power to be a litigant in matters touching upon its concerns. In such circumstances the legislature has implicitly ordained that such an agency is a proper party litigant, i.e. that it has "standing."
T.J., 739 A.2d at 482, (quoting Game Commission, 555 A.2d at 815).[1]
In the instant case, the State Police functions as a repository for the maintenance of criminal record history information. The legislature has explicitly conferred standing for purposes of expungement on the district attorneys of the relevant counties where expungement is sought. 18 Pa.C.S. § 9122(a)(2). By this explicit declaration, there can be no implicit finding that the legislature conferred standing on the State Police to interject itself as an aggrieved party in a court action for expungement.
Accordingly, albeit for different reasons, I agree with the decision of the Majority.
Justice CASTILLE joins this concurring opinion.
NOTES
[1] In Commonwealth of Pennsylvania, Pennsylvania State Police v. Court of Common Pleas of Bucks County, 150 Pa.Cmwlth. 338, 615 A.2d 946 (1992), aff'd per curiam 533 Pa. 324, 623 A.2d 814 (1993), the State Police sought declaratory relief to determine whether the common pleas court had power to issue an order directing the State Police to expunge its records.
[2] The case cited in the concurring opinion, In re T.J., 559 Pa. 118, 739 A.2d 478 (1999), simply stands for the general proposition that legislatively created duties and responsibilities are sufficient to support standing. The dissent in that case stated no standard that would be applicable or adaptable to the current case.
[1] I find it of interest that the articulated standard set forth in T.J. commanded a majority of this court. The Majority author herein dissented to that standard in T.J. Presently, the Majority elevates its dissenting position to that of a Majority opinion, the result of which will certainly be confusion in the bench and bar below.