RULE 490.  PROCEDURE FOR OBTAINING EXPUNGEMENT IN SUMMARY CASES; EXPUNGEMENT ORDER.

(A)  PETITION FOR EXPUNGEMENT

(1)  Except as provided in Rule 320, an individual who satisfies the requirements of 18 Pa.C.S. § 9122 **and 18 Pa.C.S. §9123(a)** for expungement of a summary case may request expungement by filing a petition with the clerk of the courts of the judicial district in which the charges were disposed.

(2)  The petition shall set forth:

(a)  the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c)  the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d)  the magisterial district court number;

(e)  the docket number;

(f)  the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(g)  the specific charges, as they appear on the charging document, to be expunged;

(h)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(i)  the reason(s) for expungement; and

(j)  a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief.  The verification may be by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

Additional information shall not be required by local rule or practice.

(3) Unless the attorney for the Commonwealth agrees to waive this requirement, a current copy of the petitioner's Pennsylvania State Police criminal history report shall be attached to the petition. The copy shall be obtained from the Pennsylvania State Police within 60 days before filing the petition. Absent a waiver by the attorney for the Commonwealth, the judge shall not rule upon the petition until the Pennsylvania State Police criminal history report is filed.

(4) A copy of the petition shall be served on the attorney for the Commonwealth concurrently with filing.

(B) OBJECTIONS; HEARING

(1) Within 30 days after service of the petition, the attorney for the Commonwealth shall file a consent or objection to the petition or take no action. The attorney for the Commonwealth's consent or objection shall be filed with the clerk of courts, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2) Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 30-day period in paragraph (B)(1), the judge shall grant or deny the petition or shall schedule a hearing.

(3) At the hearing, if any, the parties shall be afforded an opportunity to be heard. Following the hearing, the judge promptly shall enter an order granting or denying the petition.

(4) If the judge grants the petition for expungement, the judge shall enter an order directing expungement.

(a) The order shall contain the information required in paragraph (C).

(b) Except when the attorney for the Commonwealth has filed a consent to the petition pursuant to paragraph (B)(1), the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5) If the judge denies the petition for expungement, the judge shall enter an order denying the petition and stating the reasons for the denial.

(C) ORDER

(1) Every order for expungement shall include:

(a) the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b) the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c) the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d) the magisterial district court number;

(e) the docket number;

(f) the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(g) the specific charges, as they appear on the charging document, to be expunged;

(h) the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(i) the reason(s) for expungement; and

(j) the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

(2) The clerk of courts shall serve a certified copy of the Order to each criminal justice agency identified in the court's Order.

> COMMENT: This rule, adopted in 2010, provides the procedures for requesting and ordering expungement in summary cases. Any case in which a summary offense is filed with a misdemeanor, felony, or murder of the first, second, or third degree is a court case (see Rule 103). The petition for expungement of the summary offense in such a case would proceed under Rule 790.
>
> **This rule was amended in 2019 to clarify that the procedures under this rule are to be used for summary convictions for offenses committed when the defendant is under 18 years of age. This would include any**

**summary conviction that also has been certified to juvenile court pursuant to Pa.R.J.C.P. 200(3) and 42 Pa.C.S. §6304.1. In such cases, two expungement petitions would need to be filed: one would be filed pursuant to Pa.R.J.C.P. 170 to expunge the record of the juvenile proceeding and the second would be filed pursuant to Pa.R.Crim.P. 490 to expunge the underlying summary conviction.**

*See also* Rule 320 for the procedures for expungement following the successful completion of an ARD program in a summary case and Rule 790 for court case expungement procedures.

This rule sets forth the only information that is to be included in every expungement petition and order.

Paragraph (A)(3) requires the petitioner to attach a copy of his or her criminal history report to the petition. The attorney for the Commonwealth may waive the requirement that the criminal history report be attached to the petition. The Commonwealth's agreement to the waiver may be made orally or in writing, or averred in the petition.

A form petition and form order of expungement has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website: http://www.pacourts.us/forms/for-the-public.

"Petition," as used in this rule, is a "motion" for purposes of Rules 575, 576, and 577.

The "reason for expungement" in paragraph (A)(2)(i) and (C)(1)(i) means, for example, acquittal, arrest or prosecution free for five years following the conviction for that summary offense, or age.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

4

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies. *See also* 18 Pa.C.S. § 9102.

Concerning standing, see *In Re Administrative Order No. 1-MD-2003,* 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.,* 759 A.2d 1269 (Pa. 2000).

NOTE: Adopted September 22, 2010 effective in 90 days; amended November 1, 2016, effective November 14, 2016 **[.] amended March 1, 2019, effective July 1, 2019.**

\* \* \* \* \* \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the September 22, 2010 promulgation of new Rule 490 providing the procedures for expungements in summary cases published with the Court's Order at 40 Pa.B. 5737 (October 9, 2010).*

*Final Report explaining the November 9, 2016 amendment regarding the stay of expungement when the Commonwealth has consented and petition and order forms published for comment at 46 Pa.B. 7439 (November 26, 2016).*

*Final Report explaining the March 1, 2019 amendment regarding expungement of summary offenses when the defendant is under 18 years of age published with the Court's Order at 48 Pa.B.          (   , 2018).*

RULE 490.1.  PROCEDURE FOR OBTAINING EXPUNGEMENT OF TRUANCY CASES; EXPUNGEMENT ORDER.

(A)  PETITION FOR EXPUNGEMENT

(1) An individual who satisfies the requirements of 24 P.S. §13-1333.3(h) for expungement of a summary truancy case may request expungement by filing a petition with the issuing authority by whom the charges were disposed.

(2)  The petition shall set forth:

(a)  the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c)  the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d)  the magisterial district court number;

(e)  the docket number;

(f)  the school from which the petitioner had been found to be truant;

(g)  the date on the citation or complaint, or the date of arrest, and, if available, and the criminal justice agency that made the arrest;

(h)  the specific charges, as they appear on the charging document, to be expunged;

(i)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(j)  that the petitioner has satisfied the requirements of 24 P.S. §13-1333.3(h) for expungement; and

(k)  a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief.  The verification may be by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

6

Additional information shall not be required by local rule or practice.

(3) A copy of the petitioner's high school diploma, a Commonwealth secondary school diploma or another department of education-approved equivalent, or documentation that the petitioner is subject to an exception to compulsory attendance under 24 P.S. §13-1330 shall be attached to the petition.

(4) A copy of the petition shall be served on the affiant and the attorney for the Commonwealth and the school from which the petitioner had been found to be truant concurrently with filing.

(B) OBJECTIONS; HEARING

(1) Within 30 days after service of the petition, the school, the affiant, or the attorney for the Commonwealth shall file a consent or objection to the petition or take no action. The school's, affiant's, or attorney for the Commonwealth's consent or objection shall be filed with the issuing authority, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2) Upon receipt of the school, the affiant, or the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 30-day period in paragraph (B)(1), the issuing authority shall grant or deny the petition or shall schedule a hearing.

(3) At the hearing, if any, the petitioner, the affiant and the attorney for the Commonwealth and the school from which the petitioner had been found to be truant shall be afforded an opportunity to be heard. Following the hearing, the issuing authority promptly shall enter an order granting or denying the petition.

(4) If the issuing authority grants the petition for expungement, the issuing authority shall enter an order directing expungement.

(a) The order shall contain the information required in paragraph (C).

(b) Except when the school, the affiant, or the attorney for the Commonwealth has filed a consent to the petition pursuant to paragraph (B)(1), the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5) If the issuing authority denies the petition for expungement, the issuing authority shall enter an order denying the petition and stating the reasons for the denial.

(6) The issuing authority shall issue the order granting or denying the petition in writing, with copies to the school, the affiant, or the attorney for the Commonwealth, and shall make the order a part of **the** docket.

(C)  ORDER

(1)  Every order for expungement shall include:

(a)  the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c)  the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d)  the magisterial district court number;

(e)  the docket number;

(f)  the school from which the petitioner had been found to be truant;

(g)  the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(h)  the specific charges, as they appear on the charging document, to be expunged;

(i)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(j)  a statement that the petitioner has satisfied the requirements of 24 P.S. §13-1333.3(h) for expungement; and

(k)  the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

(2)  The issuing authority shall serve a certified copy of the order to the school from which the petitioner had been found to be truant, the Pennsylvania Department of Transportation and to each criminal justice agency identified in the order.

8

COMMENT: This rule, adopted in 2018, provides the procedures for requesting and ordering expungement in summary truancy cases as provided in 24 P.S. §13-1333.3(h). If the issuing authority finds the petitioner has satisfied the statutory conditions, the issuing authority shall grant the petition.

As provided by statute, expungement petitions in truancy cases may be filed in a magisterial district court, a court of common pleas, or the Philadelphia Municipal Court. *See* 24 P.S. §13-1333.2. The use of the term "issuing authority" in this rule is intended to encompass all of these courts.

Although magisterial district courts are not courts of record, provisions requiring certain occurrences, such as the entry of the expungement order, to be made "on the record" may be accomplished in the magisterial district court by documentation of these occurrences in the case record and the case docket. *See* Rule 135.

Paragraph (A)(4) provides for service of the petition upon the affiant or the attorney for the Commonwealth and the school from which the petitioner had been found to be truant. This is to provide an opportunity to challenge the petition and the facts supporting the petition.

*See* Rule 490 for the procedures for expungement of summary cases other than truancy**, including those cases in which a summary case has resulted in the filing of a delinquency or dependency petition in juvenile court as a result of a failure to comply with the summary case sentence.** *See also* Rule 320 for the procedures for expungement following the successful completion of an ARD program in a summary case and Rule 790 for court case expungement procedures.

This rule sets forth the only information that is to be included in every expungement petition and order.

A form petition and form order of expungement has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website: http://www.pacourts.us/forms/for-the-public.

"Petition," as used in this rule, is a "motion" for purposes of Rules 575, 576, and 577. The term "petition" is used in recognition that motion practice usually is not conducted in magisterial district courts and that the expungement procedure under this rule is an exception to this general concept.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies.  *See also* 18 Pa.C.S. § 9102.

Concerning standing, see *In Re Administrative Order No. 1-MD-2003,* 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.,* 759 A.2d 1269 (Pa. 2000).

NOTE:  Adopted December 20, 2018, effective April 1, 2018 **[.] ; *Comment* revised March 1, 2019, effective July 1, 2019.**

\*          \*          \*          \*          \*          \*

***COMMITTEE EXPLANATORY REPORTS:***

***Final Report* explaining new Rule 490.1 regarding procedures for expungement in truancy cases published with the Court's Order at 49 Pa.B. 190 (January 12, 2019).**

***Final Report explaining the March 1, 2019 Comment revision regarding procedures for expungement in non-truancy cases published with the Court's Order at 49 Pa.B.          (          , 2019).***