**Rule 320.  <u>Procedure for</u> Expungement Upon Successful Completion of ARD Program.**

* * *

**Rule 490.  Procedure for Obtaining Expungement in Summary Cases; Expungement Order.**

([A]<u>a</u>)  [PETITION FOR EXPUNGEMENT] <u>Petition for Expungement.</u>

(1)     Except as provided in Rule 320 **(Procedure for Expungement Upon Successful Completion of ARD Program) and Rule 490.2 (Procedure for Expungement of Acquittals in Summary Cases; Expungement Order)**, an individual who satisfies the requirements of 18 Pa.C.S. § 9122 and 18 Pa.C.S. § 9123(a) for expungement of a summary case may request expungement by filing a petition with the clerk of the courts of the judicial district in which the charges were disposed.

(2)     The petition shall set forth:

([a]<u>i</u>)   the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

([b]<u>ii</u>)   the name and address of the issuing authority who accepted the guilty plea or heard the case;

([c]<u>iii</u>)   the name and mailing address of the affiant as shown on the complaint or citation, if available;

([d]<u>iv</u>)   the magisterial district court number;

([e]<u>v</u>)   the docket number;

([f]<u>vi</u>)   the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

([g]<u>vii</u>)  the specific charges, as they appear on the charging document, to be expunged;

([h]<u>viii</u>)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

([i]<u>ix</u>)   the reason(s) for expungement; and

([j]<u>x</u>)   a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief.  The verification may be

by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

Additional information shall not be required by local rule or practice.

(3)     Unless the attorney for the Commonwealth agrees to waive this requirement, a current copy of the petitioner's Pennsylvania State Police criminal history report shall be attached to the petition.  The copy shall be obtained from the Pennsylvania State Police within 60 days before filing the petition.  Absent a waiver by the attorney for the Commonwealth, the judge shall not rule upon the petition until the Pennsylvania State Police criminal history report is filed.

(4)     A copy of the petition shall be served on the attorney for the Commonwealth concurrently with filing.

([B]b)  [OBJECTIONS; HEARING] Objections; Hearing.

(1)     Within 30 days after service of the petition, the attorney for the Commonwealth shall file a consent or objection to the petition or take no action.  The attorney for the Commonwealth's consent or objection shall be filed with the clerk of courts, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2)     Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 30-day period in **[paragraph] subdivision [(B)(1)] (b)(1)**, the judge shall grant or deny the petition or shall schedule a hearing.

(3)     At the hearing, if any, the parties shall be afforded an opportunity to be heard.  Following the hearing, the judge promptly shall enter an order granting or denying the petition.

(4)     If the judge grants the petition for expungement, the judge shall enter an order directing expungement.

([a]i)  The order shall contain the information required in **[paragraph] subdivision [(C)] (c)**.

([b]ii) Except when the attorney for the Commonwealth has filed a consent to the petition pursuant to **[paragraph] subdivision**

3

**[(B)(1)] (b)(1)**, the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5) If the judge denies the petition for expungement, the judge shall enter an order denying the petition and stating the reasons for the denial.

(**[C]c**) **[ORDER] Order.**

(1) Every order for expungement shall include:

(**[a]i**) the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(**[b]ii**) the name and address of the issuing authority who accepted the guilty plea or heard the case;

(**[c]iii**) the name and mailing address of the affiant as shown on the complaint or citation, if available;

(**[d]iv**) the magisterial district court number;

(**[e]v**) the docket number;

(**[f]vi**) the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(**[g]vii**)the specific charges, as they appear on the charging document, to be expunged;

(**[h]viii**)the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(**[i]ix**) the reason(s) for expungement; and

(**[j]x**) the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

4

(2)     The clerk of courts shall serve a certified copy of the **[O]o**rder to each criminal justice agency identified in the court's **[O]o**rder **and to all other entities required to be notified by statute**.

**Comment:**   This rule, adopted in 2010, provides the procedures for requesting and ordering expungement in summary cases.  Any case in which a summary offense is filed with a misdemeanor, felony, or murder of the first, second, or third degree is a court case (see Rule 103).  The petition for expungement of the summary offense in such a case would proceed under Rule 790.

This rule was amended in 2019 to clarify that the procedures under this rule are to be used for summary convictions for offenses committed when the defendant is under 18 years of age.  This would include any summary conviction that also has been certified to juvenile court pursuant to Pa.R.J.C.P. 200(3) and 42 Pa.C.S. § 6304.1.  In such cases, two expungement petitions would need to be filed: one would be filed pursuant to Pa.R.J.C.P. 170 to expunge the record of the juvenile proceeding and the second would be filed pursuant to Pa.R.Crim.P. 490 to expunge the underlying summary conviction.

*See also* Rule 320 **[for the procedures for expungement following the successful completion of an ARD program in a summary case and] (Procedure for Expungement Upon Successful Completion of ARD Program);** Rule 790 **[for court case expungement procedures.] (Procedure for Obtaining Expungement in Court Cases; Expungement Order); Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access); 35 P.S. § 780-119 for expungement procedures under the Controlled Substance, Drug, Device, and Cosmetic Act; and for expungement procedures in cases satisfying the requirements of 18 Pa.C.S. § 9122(a)(4) regarding complete acquittals, *see* Rule 490.2 (Procedure for Expungement of Acquittals in Summary Cases; Expungement Order) and Rule 790.2 (Procedure for Expungement of Acquittals in Court Cases; Expungement Order).**

This rule sets forth the only information that is to be included in every expungement petition and order.

**[Paragraph] Subdivision [(A)(3)] (a)(3)** requires the petitioner to attach a copy of his or her criminal history report to the petition.  The attorney for the Commonwealth may waive the requirement that the criminal history report be attached to the petition.  The Commonwealth's agreement to the waiver may be made orally or in writing, or averred in the petition.

A form petition and form order of expungement has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website:  http://www.pacourts.us/forms/for-the-public.

"Petition," as used in this rule, is a "motion" for purposes of Rules 575, 576, and 577.

The "reason for expungement" in **[paragraph]** <u>subdivisions</u> **[(A)(2)(i)]** <u>**(a)(2)(ix)**</u> and **[(C)(1)(i)]** <u>**(c)(1)(ix)**</u> means, for example, acquittal, arrest or prosecution free for five years following the conviction for that summary offense, or age.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies. *See also* 18 Pa.C.S. § 9102.

**<u>Subdivision (c)(2) requires the clerk of courts to serve each criminal justice agency identified in the court's order as well as all other entities required to be notified by statute. *See, e.g.,* 18 Pa.C.S. § 9122(a)(3) (requiring the court to order the expungement of all administrative records of the Department of Transportation relating to a conviction pursuant to 18 Pa.C.S. § 6308 when that conviction is ordered to be expunged).</u>**

Concerning standing, see *In Re Administrative Order No. 1-MD-2003,* 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.,* 759 A.2d 1269 (Pa. 2000).

> **[NOTE:  Adopted September 22, 2010 effective in 90 days;
> amended November 1, 2016, effective November 14, 2016
> amended March 1, 2019, effective July 1, 2019.**

\*          \*          \*          \*          \*          \*

*<u>COMMITTEE EXPLANATORY REPORTS:</u>*

*<u>Final</u> <u>Report</u> explaining the September 22, 2010 promulgation of new Rule 490 providing the procedures for expungements in summary cases published with the Court's Order at 40 <u>Pa.B.</u> 5737 (October 9, 2010).*

*<u>Final</u> <u>Report</u> explaining the November 9, 2016 amendment regarding the stay of expungement when the Commonwealth has consented and*

*petition and order forms published for comment at 46 Pa.B. 7439 (November 26, 2016).*

*Final Report explaining the March 1, 2019 amendment regarding expungement of summary offenses when the defendant is under 18 years of age published with the Court's Order at 49 Pa.B. 1121 (March 16, 2019).]*

**—The following text is entirely new—**

**Rule 490.2.  Procedure for Expungement of Acquittals in Summary Cases; Expungement Order.**

(a)  **Notice of Acquittal.**

    (1)    In any summary case in which the defendant has been acquitted of all charges as provided in 18 Pa.C.S. § 9122(a)(4), the issuing authority shall promptly, but no later than 20 days after acquittal, notify either the clerk of courts of the judicial district in which the charges were disposed or, if the charges were disposed of in the Philadelphia Municipal Court, the clerk of Municipal Court.

    (2)    Within 10 days of receipt of the notification from the issuing authority, the clerk of courts or the clerk of Municipal Court, whichever applies, shall notify the defendant, defense counsel, if any, and the attorney for the Commonwealth that the case shall be ordered expunged, unless an objection is filed by the attorney for the Commonwealth.

    (3)    Thereafter, the case shall proceed as provided in subdivisions (b) and (c) of this rule.

    (4)    The notice issued by the clerk of courts or by the clerk of Municipal Court under subdivision (a)(2) shall set forth:

        (i)    the defendant's name and any aliases that the defendant has used, address, date of birth, and social security number;

        (ii)    the name and address of the issuing authority who heard the case;

        (iii)    the name and mailing address of the affiant as shown on the complaint or citation, if available;

        (iv)    the magisterial district court number, if applicable;

        (v)    the docket number;

        (vi)    the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

8

(vii)  the specific charges, as they appear on the charging document, to be expunged; and

(viii)  a statement that all the charges resulted in a not guilty finding.

Additional information shall not be required by local rule or practice.

(b)  **Objections; Hearing.**

(1)  Within 60 days after service of the notice, the attorney for the Commonwealth shall file a consent or objection to the expungement or take no action.  The attorney for the Commonwealth's consent or objection shall be filed in the court of common pleas or the Philadelphia Municipal Court, whichever applies, and copies shall be served on the defendant and defense counsel, if any.

(2)  Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 60-day period in subdivision (b)(1), the court of common pleas or the Philadelphia Municipal Court, whichever applies, shall grant the expungement or, when an objection is filed, shall schedule a hearing unless waived by the parties and the court.

(3)  At the hearing, if any, the defendant and the attorney for the Commonwealth shall be afforded an opportunity to be heard.  Following the hearing, the judge promptly shall enter an order granting or denying the expungement.

(4)  If the judge grants the expungement, the judge shall enter an order directing expungement.

(i)  The order shall contain the information required in subdivision (c).

(ii)  Except when the attorney for the Commonwealth has filed a consent pursuant to subdivision (b)(1), the order shall be stayed for 30 days pending an appeal.  If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5)  If the judge denies the expungement, the judge shall enter an order denying the expungement and stating the reasons for the denial.

(6) The judge shall issue the order granting or denying the expungement in writing, with copies to the defendant, defense counsel, if any, and the attorney for the Commonwealth, and shall make the order a part of the docket.

(c) **Order.**

(1) Every order for expungement shall include:

(i) the defendant's name and any aliases that the defendant has used, address, date of birth, and social security number;

(ii) the name and address of the issuing authority who heard the case;

(iii) the name and mailing address of the affiant as shown on the complaint or citation, if available;

(iv) the magisterial district court number, if applicable;

(v) the docket number;

(vi) the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(vii) the specific charges, as they appear on the charging document, to be expunged;

(viii) a statement that all the charges resulted in a not guilty finding; and

(ix) the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

(2) The clerk of courts shall serve a certified copy of the order to each criminal justice agency identified in the court's order and to all other entities required to be notified by statute.

**Comment:** This rule was adopted in 2023 to provide procedures for the expungement of summary cases that resulted in acquittals as provided in 18 Pa.C.S. § 9122(a)(4).

For the ability of the parties, with the consent of the court, to waive a hearing pursuant to subdivision (b)(2), see 18 Pa.C.S. § 9122(a)(4)(iii).

*See also* Rule 320 (Procedure for Expungement Upon Successful Completion of ARD Program); Rule 490 (Procedure for Obtaining Expungement in Summary Cases; Expungement Order); Rule 790 (Procedure for Obtaining Expungement in Court Cases; Expungement Order); Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access); 35 P.S. § 780-119 for expungement procedures under the Controlled Substance, Drug, Device, and Cosmetic Act; and for expungement procedures in court cases satisfying the requirements of 18 Pa.C.S. § 9122(a)(4) regarding complete acquittals, *see* Rule 790.2 (Procedure for Expungement of Acquittals in Court Cases; Expungement Order).

**Rule 790. Procedure for Obtaining Expungement in Court Cases; Expungement Order.**

([A]a) **[PETITION FOR EXPUNGEMENT] Petition for Expungement.**

(1) Except as provided in Rule 320 **(Procedure for Expungement Upon Successful Completion of ARD Program), Rule 790.2 (Procedure for Expungement of Acquittals in Court Cases; Expungement Order),** and 35 P.S. § 780-119, an individual who satisfies the requirements for expungement may request expungement by filing a petition with the clerk of the courts of the judicial district in which the charges were disposed.

(2) The petition shall set forth:

([a]i) the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

([b]ii) the name and address of the judge of the court of common pleas who accepted the guilty plea or heard the case;

([c]iii) the name and mailing address of the affiant as shown on the complaint, if available;

([d]iv) the Philadelphia Municipal Court docket number or the court of common pleas docket number, whichever applies;

([e]v) the offense tracking number (OTN);

([f]vi) the date on the complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

([g]vii) the specific charges, as they appear on the charging document, to be expunged;

([h]viii) the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

([i]ix) the reason(s) for expungement; and

([j]x) a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief. The verification may be

12

by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

Additional information shall not be required by local rule or practice.

(3)     Unless the attorney for the Commonwealth agrees to waive this requirement, a current copy of the petitioner's Pennsylvania State Police criminal history report shall be attached to the petition.  The copy shall be obtained from the Pennsylvania State Police within 60 days before filing the petition.  Absent a waiver by the attorney for the Commonwealth, the judge shall not rule upon the petition until the Pennsylvania State Police criminal history report is filed.

(4)     A copy of the petition shall be served on the attorney for the Commonwealth concurrently with filing.

([B]b) [OBJECTIONS; HEARING] Objections; Hearing.

(1)     Within 60 days after service of the petition, the attorney for the Commonwealth shall file a consent or objection to the petition or take no action.  The attorney for the Commonwealth's consent or objection shall be filed with the clerk of courts, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2)     Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 60-day period in [paragraph] subdivision [(B)(1)] (b)(1), the judge shall grant or deny the petition or shall schedule a hearing.

(3)     At the hearing, if any, the parties shall be afforded an opportunity to be heard.  Following the hearing, the judge promptly shall enter an order granting or denying the petition.

(4)     If the judge grants the petition for expungement, the judge shall enter an order directing expungement.

([a]i)  The order shall contain the information required in [paragraph] subdivision [(C)] (c).

([b]ii)  Except when the attorney for the Commonwealth has filed a consent to the petition pursuant to [paragraph] subdivision

13

**[(B)(1)] (b)(1)**, the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5)     If the judge denies the petition for expungement, the judge shall enter an order denying the petition and stating the reasons for the denial.

**([C]c) [ORDER] Order.**

(1)     Every order for expungement shall include:

([a]i)   the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

([b]ii)   the name and address of the judge of the court of common pleas who accepted the guilty plea or heard the case;

([c]iii)   the name and mailing address of the affiant as shown on the complaint, if available;

([d]iv)   the Philadelphia Municipal Court docket number or the court of common pleas docket number, whichever applies;

([e]v)   the offense tracking number (OTN);

([f]vi)   the date on the complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

([g]vii)   the specific charges, as they appear on the charging document, to be expunged;

([h]viii)   the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

([i]ix)   the reason(s) for expungement; and

([j]x)   the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

14

(2) The clerk of courts shall serve a certified copy of the **[O]o**rder to each criminal justice agency identified in the court's **[O]o**rder **and to all other entities required to be notified by statute**.

**Comment:** This rule, adopted in 2010, provides the procedures for requesting and ordering expungement in court cases. Any case in which a summary offense is filed with a misdemeanor, felony, or murder of the first, second, or third degree is a court case (see Rule 103). The petition for expungement of the summary offense in such a case would proceed under this rule.

*See also* Rule 320 **[for the procedures for expungement following the successful completion of an ARD program in a court case,](Procedure for Expungement Upon Successful Completion of ARD Program);** Rule 490 **[for summary case expungement procedures,](Procedure for Obtaining Expungement in Summary Cases; Expungement Order); Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access); [and ]**35 P.S. § 780-119 for expungement procedures under the Controlled Substance, Drug, Device, and Cosmetic Act**; and for expungement procedures in cases satisfying the requirements of 18 Pa.C.S. § 9122(a)(4) regarding complete acquittals, *see* Rule 490.2 (Procedure for Expungement of Acquittals in Summary Cases; Expungement Order) and Rule 790.2 (Procedure for Expungement of Acquittals in Court Cases; Expungement Order)**.

This rule sets forth the only information that must be included in every expungement petition and order.

**[Paragraph] Subdivision [(A)(3)] (a)(3)** requires the petitioner to attach a copy of his or her criminal history report to the petition. The attorney for the Commonwealth may waive the requirement that the criminal history report be attached to the petition. The Commonwealth's agreement to the waiver may be made orally or in writing, or averred in the petition.

An order for expungement under the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. § 780-119, also must include the information in **[paragraph] subdivision [(C)] (c)**.

A form petition and form order of expungement has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website: http://www.pacourts.us/forms/for-the-public.

"Petition**,**" as used in this rule**,** is a "motion" for purposes of Rules 575, 576, and 577.

The "reason for expungement" in **[paragraph] subdivisions [(A)(2)(i)] (a)(2)(ix)** and **[(C)(1)(i)] (c)(1)(ix)** means, for example, acquittal or age.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

When a summons instead of an arrest warrant is issued pursuant to Rule 519, the date of the summons constitutes the "date of arrest" for purposes of **[paragraph] subdivision [(A)(2)(f)] (a)(2)(vi)**.

**Subdivision (c)(2) requires the clerk of courts to serve each criminal justice agency identified in the court's order as well as all other entities required to be notified by statute.  *See, e.g.,* 18 Pa.C.S. § 9122(a)(3) (requiring the court to order the expungement of all administrative records of the Department of Transportation relating to a conviction pursuant to 18 Pa.C.S. § 6308 when that conviction is ordered to be expunged).**

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies.  *See also* 18 Pa.C.S. § 9102.

Concerning standing, see *In Re Administrative Order No. 1-MD-2003,* 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.,* 759 A.2d 1269 (Pa. 2000).

> **[NOTE:  Adopted September 22, 2010 effective in 90 days; amended November 1, 2016, effective November 14, 2016.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the September 22, 2010 promulgation of new Rule 790 providing the procedures for expungements in court cases published with the Court's Order at 40 Pa.B. 5737 (October 9, 2010).*

*Final Report explaining the November 9, 2016 amendment regarding the stay of expungement when the Commonwealth has consented and petition and order forms published with the Court's Order at 46 Pa.B. 7439 (November 26, 2016).*]

**—The following text is entirely new—**

**Rule 790.2.  Procedure for Expungement of Acquittals in Court Cases; Expungement Order.**

(a)     **Notice of Acquittal.**

(1)     In any court case in which the defendant has been acquitted of all charges as provided in 18 Pa.C.S. § 9122(a)(4), within 10 days of the entry of the acquittal, the clerk of courts of the judicial district in which the charges were disposed or, if the charges were disposed of in the Philadelphia Municipal Court, the clerk of Municipal Court shall notify the defendant, defense counsel, if any, and the attorney for the Commonwealth that the case shall be ordered expunged, unless an objection is filed by the attorney for the Commonwealth.

(2)     Thereafter, the case shall proceed as provided in subdivision (b) and (c) of this rule.

(3)     The notice issued by the clerk of courts or by the clerk of Municipal Court under subdivision (a)(1) shall set forth:

(i)     the defendant's name and any aliases that the defendant has used, address, date of birth, and social security number;

(ii)     the name and address of the judge of the court of common pleas or of the Philadelphia Municipal Court, whichever applies, who heard the case;

(iii)     the name and mailing address of the affiant as shown on the complaint or citation, if available;

(iv)     the Philadelphia Municipal Court docket number or the court of common pleas docket number, whichever applies;

(v)     the offense tracking number (OTN);

(vi)     the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(vii)     the specific charges, as they appear on the charging document, to be expunged; and

17

(viii)    a statement that all the charges resulted in a not guilty finding.

Additional information shall not be required by local rule or practice.

(b)    **Objections; Hearing.**

(1)    Within 60 days after service of the notice, the attorney for the Commonwealth shall file a consent or objection to the expungement or take no action. The attorney for the Commonwealth's consent or objection shall be filed in the court of common pleas or the Philadelphia Municipal Court, whichever applies, and copies shall be served on the defendant and defense counsel, if any.

(2)    Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 60-day period in subdivision (b)(1), the court of common pleas or the Philadelphia Municipal Court, whichever applies, shall grant the expungement or, when an objection is filed, shall schedule a hearing unless waived by the parties and the court.

(3)    At the hearing, if any, the defendant and the attorney for the Commonwealth shall be afforded an opportunity to be heard. Following the hearing, the judge promptly shall enter an order granting or denying the expungement.

(4)    If the judge grants the expungement, the judge shall enter an order directing expungement.

(i)    The order shall contain the information required in subdivision (c).

(ii)    Except when the attorney for the Commonwealth has filed a consent pursuant to subdivision (b)(1), the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5)    If the judge denies the expungement, the judge shall enter an order denying the expungement and stating the reasons for the denial.

(6)    The judge shall issue the order granting or denying the expungement in writing, with copies to the defendant, defense counsel, if any, and

18

the attorney for the Commonwealth, and shall make the order a part of the docket.

(c) **Order.**

(1) Every order for expungement shall include:

(i) the defendant's name and any aliases that the defendant has used, address, date of birth, and social security number;

(ii) the name and address of the judge of the court of common pleas or of the Philadelphia Municipal Court, whichever applies, who heard the case;

(iii) the name and mailing address of the affiant as shown on the complaint or citation, if available;

(iv) the Philadelphia Municipal Court docket number or the court of common pleas docket number, whichever applies;

(v) the offense tracking number (OTN);

(vi) the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(vii) the specific charges, as they appear on the charging document, to be expunged;

(viii) a statement that all the charges resulted in a not guilty finding; and

(ix) the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

(2) The clerk of courts shall serve a certified copy of the order to each criminal justice agency identified in the court's order and to all other entities required to be notified by statute.

**Comment:** This rule was adopted in 2023 to provide procedures for the expungement of court cases that resulted in acquittals as provided in 18 Pa.C.S. § 9122(a)(4).

For the ability of the parties, with the consent of the court, to waive a hearing pursuant to subdivision (b)(2), see 18 Pa.C.S. § 9122(a)(4)(iii).

*See also* Rule 320 (Procedure for Expungement Upon Successful Completion of ARD Program); Rule 490 (Procedure for Obtaining Expungement in Summary Cases; Expungement Order); Rule 790 (Procedure for Obtaining Expungement in Court Cases; Expungement Order); Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access); 35 P.S. § 780-119 for expungement procedures under the Controlled Substance, Drug, Device, and Cosmetic Act; and for expungement procedures in summary cases satisfying the requirements of 18 Pa.C.S. § 9122(a)(4) regarding complete acquittals, *see* Rule 490.2 (Procedure for Expungement of Acquittals in Summary Cases; Expungement Order).

**Rule 791. Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access.**

([A]a) **[PETITION FOR ORDER FOR LIMITED ACCESS]** <u>Petition for Order for Limited Access.</u>

   (1) Pursuant to 18 Pa.C.S. § 9122.1, an individual who satisfies the statutory requirements for obtaining an order for limited access may request an order that limits the dissemination of his or her criminal history record information by filing a petition with the clerk of the courts of the judicial district in which the charges were disposed.

   (2) The petition shall set forth:

      ([a]<u>i</u>) the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

      ([b]<u>ii</u>) the name and address of the judge of the court of common pleas, magisterial district judge, or Philadelphia Municipal Court judge who accepted the guilty plea or heard the case;

      ([c]<u>iii</u>) the name and mailing address of the affiant as shown on the complaint, if available;

      ([d]<u>iv</u>) the court of common pleas docket number, magisterial district court docket number, or the Philadelphia Municipal Court docket number, whichever applies;

      ([e]<u>v</u>) the offense tracking number (OTN);

      ([f]<u>vi</u>) the date on the complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

      ([g]<u>vii</u>) the specific charges, as they appear on the charging document, to be subject to limited access;

      ([h]<u>viii</u>) the disposition**<u>, whether the fee previously authorized to carry out the limited access and clean slate limited access provisions has been paid,</u>** and, if the sentence includes **[a fine, costs, or]** restitution, whether the amount due **<u>for restitution</u>** has been paid;

      ([i]<u>ix</u>) the reason(s) for the order for limited access;

21

(**[j]x**) a statement that the case qualifies for a limited access order and none of the exceptions under 18 Pa.C.S. § 9122.1(b) are applicable; and

(**[k]xi**) a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief. The verification may be by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

Additional information shall not be required by local rule or practice.

(3) Unless the attorney for the Commonwealth agrees to waive this requirement, a current copy of the petitioner's Pennsylvania State Police criminal history report shall be attached to the petition. The copy shall be obtained from the Pennsylvania State Police within 60 days before filing the petition. Absent a waiver by the attorney for the Commonwealth, the court shall not rule upon the petition until the Pennsylvania State Police criminal history report is filed.

(4) A copy of the petition shall be served on the attorney for the Commonwealth concurrently with filing.

(**[B]b**) **[OBJECTIONS; HEARING] Objections; Hearing.**

(1) Within 30 days after service of the petition, the attorney for the Commonwealth shall file a consent or objection to the petition or take no action. The attorney for the Commonwealth's consent or objection shall be filed with the clerk of courts, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2) Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 30-day period in **[paragraph] subdivision [(B)(1)] (b)(1)**, the judge of the court of common pleas shall grant or deny the petition or shall schedule a hearing.

(3) At the hearing, if any, the parties shall be afforded an opportunity to be heard. Following the hearing, the judge promptly shall enter an order granting or denying the petition.

22

(4)     If the judge grants the petition for limited access, the judge shall enter an order directing that the petitioner's criminal record history information that is subject to the limited access order shall not be disseminated to an individual, a noncriminal justice agency, or an internet website and that dissemination of the petitioner's criminal record history be limited only to a criminal justice agency or government agency as provided in 18 Pa.C.S. § 9122.1.

  **([a]i)** The order shall contain the information required in **[paragraph] subdivision [(C)] (c)**.

  **([b]ii)** Except when the attorney for the Commonwealth has filed a consent to the petition pursuant to **[paragraph] subdivision [(B)(1)] (b)(1)**, the order shall be stayed for 30 days pending an appeal. If a timely notice of appeal is filed, the order for limited access is stayed pending the disposition of the appeal and further order of court.

(5)     If the judge denies the petition for an order of limited access, the judge shall enter an order denying the petition and stating the reasons for the denial.

(6)     If the judge grants the petition for an order of limited access, the petition and order are subject to limited access.

## (**[C]c**) **[ORDER] Order.**

(1)     Every order for limited access shall include:

  **([a]i)** the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

  **([b]ii)** the name and address of the judge of the court of common pleas, magisterial district judge, or Philadelphia Municipal Court judge who accepted the guilty plea or heard the case;

  **([c]iii)** the name and mailing address of the affiant as shown on the complaint, if available;

  **([d]iv)** the court of common pleas docket number, magisterial district court docket number, or the Philadelphia Municipal Court docket number, whichever applies;

23

([e]v)  the offense tracking number (OTN);

([f]vi)  the date on the complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

([g]vii)the specific charges, as they appear on the charging document, to be subject to limited access;

([h]viii)the disposition**, whether the fee previously authorized to carry out the limited access and clean slate limited access provisions has been paid,** and, if the sentence includes **[a fine, costs, or]** restitution, whether the amount due **for restitution** has been paid;

([i]ix)  the reason(s) for the order for limited access;

([j]x)  a statement that the case qualifies for a limited access order and none of the exceptions under 18 Pa.C.S. § 9122.1(b) are applicable; and

([k]xi) the criminal justice agencies upon which certified copies of the order shall be served.

Additional information shall not be required by local rule or practice.

(2)  The clerk of courts shall serve a certified copy of the **[O]o**rder to each criminal justice agency identified in the court's **[O]o**rder **and to all other entities required to be notified by statute**.

**Comment:**  Section 9122.1 of the Criminal Code provides for an order limiting dissemination of a record of a criminal conviction for a misdemeanor of the second degree, a misdemeanor of the third degree, or an ungraded misdemeanor which carries a maximum penalty of no more than two years only to a criminal justice agency or government agency.  This rule, adopted in 2016, provides the procedures for requesting and ordering an order for limited access as provided in the statute.

This rule sets forth the only information that must be included in every petition and order for limited access.

The petition must be filed with the clerk of courts of the judicial district in which the charges that are the subject of the petition were disposed.  The petition must be decided by a judge of the court of common pleas, even if the charges that are the subject of the

24

petition were disposed by a magisterial district judge or Philadelphia Municipal Court judge.

**[Paragraph]** **Subdivision** **[(A)(3)]** **(a)(3)** requires the petitioner to attach a copy of his or her criminal history report to the petition.  The attorney for the Commonwealth may waive the requirement that the criminal history report be attached to the petition.  The Commonwealth's agreement to the waiver may be made orally or in writing, or averred in the petition.

A form petition and form order for limited access has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website:  http://www.pacourts.us/forms/for-the-public.

"Petition," as used in this rule, is a "motion" for purposes of Rules 575, 576, and 577.

The "reason for the order for limited access" in **[paragraph]** **subdivisions** **[(A)(2)(i)]** **(a)(2)(ix)** and **[(C)(1)(i)]** **(c)(1)(ix)** means, for example, the defendant's freedom from arrest or prosecution for 10 years.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

When a summons instead of an arrest warrant is issued pursuant to Rule 519, the date of the summons constitutes the "date of arrest" for purposes of **[paragraph]** **subdivision** **[(A)(2)(f)]** **(a)(2)(vi)**.

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies.  *See also* 18 Pa.C.S. § 9102. For the definition of "government agency," see 18 Pa.C.S. § 9121(b.1) and (b.2).

Nothing in this rule is intended to alter procedures regarding expungement.  *See* Rule 320 **[for the procedures for expungement following the successful completion of an ARD program in a court case,] (Procedure for Expungement Upon Successful Completion of ARD Program);** Rule 490 **[for summary case expungement procedures,] (Procedure for Obtaining Expungement in Summary Cases; Expungement Order);** Rule 790 **[for court case expungement,] (Procedure for Obtaining Expungement in Court Cases; Expungement Order); [and]** 35 P.S. § 780-119 for expungement procedures under the Controlled Substance, Drug, Device, and Cosmetic Act**; and for expungement procedures in cases satisfying the requirements of 18 Pa.C.S. § 9122(a)(4) regarding complete acquittals, *see* Rule 490.2 (Procedure for Expungement of Acquittals in Summary Cases; Expungement**

**Order) and Rule 790.2 (Procedure for Expungement of Acquittals in Court Cases; Expungement Order)**.

Concerning standing, see *In Re Administrative Order No. 1-MD-2003*, 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.*, 759 A.2d 1269 (Pa. 2000).

**[NOTE: Adopted November 1, 2016, effective November 14, 2016.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining new Rule 791 providing the procedures for orders for limited access in court cases published with the Court's Order at 46 Pa.B. 7439 (November 26, 2016).*]